UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAWRENCE DRAUS | No. 20 CR 391-2<br><br>Judge Thomas M. Durkin |

### MEMORANDUM OPINION AND ORDER

Lawrence Draus, who is currently serving a six-month sentence for conspiring to distribute, and conspiring to possess with intent to distribute, hydrocodone, has filed a motion for compassionate release based on his family's risk of financial collapse and the recent passing of his mother. R. 238. Because these circumstances do not constitute an "extraordinary and compelling" reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), Draus's motion is denied.

### Background

In August 2019, Draus conspired with Clarence January to illegally obtain hydrocodone pills for distribution, which January then sold to customers. R. 198 ¶ 6. About a year later, Draus was arrested and charged with conspiracy to distribute, and conspiracy to possess with intent to distribute, hydrocodone (Count One) and attempt to possess with intent to distribute alprazolam (Count Two). R. 39. Draus pled guilty to Count One on December 12, 2023. R. 197, 198. On July 1, 2024, he was sentenced to six months' imprisonment followed by three years of supervised release, and was ordered to report to Bureau of Prisons ("BOP") on October 1, 2024. R. 215. Between September 23, 2024 and March 31, 2025, Draus was granted eight extensions to his surrender date to accommodate getting his business affairs in order,

1

family members moving in with him, and his mother's passing. He eventually surrendered on April 1, 2025.

On May 13, 2025, after serving a little over a month of his sentence, Draus filed this motion for compassionate release. R. 238. He states that his family is at risk of complete financial collapse due to his incarceration. *Id.* at 4. Draus's plumbing business supports his household which, in addition to himself and his wife, includes his father-in-law, sister, and nephew. *Id.* According to Draus, since his incarceration, his business has been evicted from its premises, and his family is struggling to afford the storage unit for the business's equipment. *Id.* And on April 17, 2025, his wife received a garnishment order for $45,127.96. *Id.* He further argues that the combination of the death of his mother and his family's financial distress has had a significant impact on his mental and physical health, such that he has developed high blood pressure. *Id.* He claims his incarceration is preventing him from receiving the help he needs to address these health concerns. *Id.*

## Legal Standard

A court generally cannot modify a term of imprisonment except under rare circumstances. *See Dillon v. United States*, 560 U.S. 817, 825 (2010). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3582(c)(1)(A), a court may modify a term of imprisonment upon a motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever

is earlier." In determining whether a sentence reduction under § 3582 is appropriate, courts must look to (1) whether "extraordinary and compelling reasons" warrant a reduction; and (2) whether a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (explaining the two-step process for reviewing compassionate release motions). What circumstances rise to "extraordinary and compelling" is left to the discretion of the judge. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

Congress has directed the Sentencing Commission to promulgate general policy statements regarding the appropriate use of the sentence modification provision set forth in 18 U.S.C. § 3582(c) and policy statements to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. §§ 994(a)(2)(C), (t). The Commission promulgated the policy statement at Guideline § 1B1.13 regarding the reduction in a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), which was most recently amended in 2023. Section 1B1.13 lists a number of circumstances under which extraordinary and compelling reasons exist for a sentence reduction, including certain family and medical circumstances.

## Discussion

The government concedes that Draus has satisfied the exhaustion requirement. R. 242 at 9. On the merits, Draus claims that the cumulative effect of his family's financial troubles, business collapse, bereavement, and health issues

constitute an extraordinary and compelling basis for relief. Although multiple circumstances may together constitute an extraordinary and compelling reason for relief, *United States v. Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023), that is not the case here.

As an initial matter, the Court granted Draus eight extensions to address many of the issues he now raises as bases for compassionate release. These circumstances do not rise to the level of extraordinary and compelling reasons for his relief as defined by § 1B1.13(b). Concerning his family circumstances, Draus had at least seven months from the entry of his guilty plea to his sentencing, and an additional nine months from his sentencing to his surrender, to prepare his business and family affairs in order to serve a prison sentence. And although the death of his mother is unfortunate, he has not offered any evidence that his mother served as the sole caregiver for his minor children or that his spouse has become incapacitated. *See* U.S.S.G. § 1B1.13(b)(3) (describing family circumstances that constitute an extraordinary and compelling reason for release). Accordingly, none of these reasons are extraordinary or compelling and they all preexisted his incarceration. *See, e.g.*, *United States v. Cannady*, No. 5:08-CR-258-D, 2025 WL 1728689, at *5 (E.D.N.C. June 20, 2025) (death of a parent does not comport with § 1B1.13); *United States v. Waters*, No. 5:20-cr-00191, 2024 WL 4481138, at *3 (S.D. W. Va. Oct. 11, 2024) (finding defendant's struggling business and family circumstances insufficient to be extraordinary and compelling).

4

Similarly, Draus's high blood pressure does not amount to an extraordinary and compelling reason for his relief. Draus contends the death of his mother and his family's financial strains has had a significant impact on his physical and mental health, such that he now requires blood-pressure medication. Many inmates suffer the loss of loved ones, have to sadly witness their families struggle, and may develop health issues as a result. But Draus presents no evidence that he is suffering from a terminal illness, serious medical condition, or cognitive impairment, or requires specialized medical care that cannot be provided by BOP. U.S.S.G. § 1B1.13(b)(1) (describing medical conditions that constitute an extraordinary and compelling reason for release); *see also United States v. Alexander*, No. 19-cr-40085-JPG, 2024 WL 4434165, at *3 (S.D. Ill. Oct. 7, 2024) (finding that diabetes and high blood pressure were not extraordinary or compelling reasons for compassionate release and are treatable by the BOP).

In sum, Draus has not presented an extraordinary or compelling reason, either individually or in the aggregate, for a reduction in his short sentence, which is set to expire in about three months. For that reason, the Court need not discuss whether the § 3553(a) factors favor release. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) (where a defendant "cannot establish an extraordinary and compelling reason for release, it [i]s unnecessary for the district judge to consider the § 3553(a) factors at all").

## Conclusion

For these reasons, Draus's motion for compassionate release is denied.

ENTERED:

*Thomas M Durkin*

------------------------------

Honorable Thomas M. Durkin
United States District Judge

Dated: July 2, 2025